[No. 31321.   Department Two.   July 10, 1950.]

THE STATE OF WASHINGTON, *Appellant,* v. J. C. KELLEY, *Respondent.*[1]

*Wm. J. Gaffney,* for appellant.

MALLERY, J.—On the evening of March 20, 1949, defendant Kelley entered the police station at Pasco, Washington, to report a shooting. He was placed under arrest, shortly thereafter, as a material witness. In the process of booking Kelley, the booking clerk took Kelley toward the back of the room, stopping briefly to pick up some keys, and noticed that Kelley was leaning into the washroom. He was ordered out of the washroom and booked. An officer searched him, and, finding no weapons, had him locked up. This officer then retired to the washroom and discovered a pistol reposing on top of some waste towels. Defendant denied that the pistol was his, but was charged with the crime of concealing a pistol on his person without a license therefor, in the vicinity of the city hall, in the city of Pasco.

When it developed that Kelley was involved in the shooting, an amended information was filed, incorporating the original charge as count II, and further charging Kelley with the crime of concealing a pistol on his person without a license therefor, in the vicinity of Parkside Homes, in the city of Pasco, as count I.

[1]Reported in 220 P. (2d) 342.

A trial to a jury resulted in a verdict of not guilty as to count I. Count II was dismissed by the court and not submitted to the jury. The state appeals.

The motion to dismiss raised the question of whether, as a matter of law, the state had made out a *prima facie* case of the accused's guilt.

Myricks, the state's witness, testified that Kelley carried a pistol out of his (Kelley's) home on a night early in March, 1949. He positively identified the pistol found in the washroom as the pistol Kelley had that night. One Moore, a witness for the defense, identified another pistol as belonging to Kelley, but he admitted that Kelley might own more than one pistol.

This washroom was one of limited access. It was behind the counter, and was for the use of the police only, though one of the officers testified that the firemen, who are in the same building, use it upon occasion. Another officer testified that he had never seen unauthorized personnel use the washroom. There was no testimony as to whether any outsiders had been in the washroom on the day Kelley was arrested.

Thus, the state produced direct evidence that the pistol found in the washroom belonged to the respondent. It showed the respondent's opportunity to place it there. This constituted a *prima facie* case as against a motion to dismiss. The court erred in taking count II from the jury.

The judgment is reversed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.